IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

DONOVAN CHAMBERS,

    Plaintiff,

vs.

Dr. FERRELL and
Nurse R. LOWMAN,

    Defendants.

CIVIL ACTION NO.: CV505-058

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate currently confined at Autry State Prison in Pelham, Georgia, has filed an action pursuant to 42 U.S.C.A. § 1983 contesting the conditions of his confinement while he was incarcerated at Ware State Prison in Waycross, Georgia. A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C.A. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596, 30 L. Ed.2d 652, 654 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C.A. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C.A. § 1915A(b)(1) and (2).

AO 72A
(Rev. 8/82)

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C.A. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. The Court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief. Hughes v. Rowe, 449 U.S. 5, 10, 101 S. Ct. 173, 176, 66 L. Ed.2d 163, 169-70 (1980); Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

Plaintiff asserts that he injured his knee while running. Plaintiff contends that he submitted a health services request, and that Defendant Lowman, a nurse at Ware State Prison, examined him and gave him an ice pack. Plaintiff alleges that Defendant Ferrell, a doctor at Ware State Prison, also examined him on a later date and told Plaintiff that he had arthritis in his knee. Plaintiff also alleges that Defendant Ferrell ordered an X-ray and issued a knee brace to him. Plaintiff further alleges that he continued to suffer with pain and swelling. He contends that he put in emergency requests for medical services. Plaintiff avers that Defendant Lowman examined him, but he was not permitted to see the doctor. Plaintiff also avers that Defendant Ferrell examined him on two occasions and dismissed Plaintiff's complaints of pain. Plaintiff contends that he continued to be in

2

severe pain, and Defendant Ferrell gave him an injection due to the pain and swelling he was experiencing.

The Eighth Amendment's proscription against cruel and unusual punishment imposes a constitutional duty upon prison officials to take reasonable measures to guarantee the safety of prison inmates. This duty to safeguard also embodies the principle expressed by the Court in Estelle v. Gamble, 429 U.S. 97, 104, 97 S. Ct. 285, 291, 50 L. Ed.2d 251 (1976), forbidding prison officials from demonstrating deliberate indifference to the serious medical needs of inmates.

Like any deliberate indifference claim, the Estelle analysis incorporates both an objective and a subjective component. Hill v. DeKalb Reg'l Youth Detention Ctr., 40 F.3d 1176, 1186 (11th Cir. 1994). The objective component is "contextual and responsive to 'contemporary standards of decency.'" Hudson v. McMillian, 503 U.S. 1, 9, 112 S. Ct. 995, 1000, 117 L. Ed.2d 156 (1992) (quoting Estelle, 429 U.S. at 103, 97 S. Ct. at 290). Under that standard, "deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious'." Hill, 40 F.3d at 1186 (quoting Hudson, 503 U.S. at 9, 112 S. Ct. at 1000). In the Eleventh Circuit, a medical need is serious if it "has been diagnosed by a physician as mandating treatment or [is] one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Hill, 40 F.3d 1187 (internal citations omitted).

As to the subjective component, the Eleventh Circuit "has consistently held that knowledge of the need for medical care and intentional refusal to provide that care constitute deliberate indifference." Hill, 40 F.3d at 1186 (quoting Mandel v. Doe, 888 F.2d 783, 788 (11th Cir. 1989)). Not "every claim by a prisoner that he has not received

3

adequate medical treatment states a violation of the Eighth Amendment." <u>Harris v. Thigpen</u>, 941 F.2d 1495, 1505 (11th Cir. 1991) (quoting <u>Estelle</u>, 429 U.S. at 105, 97 S. Ct. at 291). Plaintiff's allegations that Defendants Ferrell and Lowman were deliberately indifferent to his serious medical needs amount to nothing more than a difference of opinion as to his treatment. Such allegations are not cognizable under section 1983. <u>See</u> <u>Harris v. Thigpen</u>, 941 F.2d 1495, 1505 (11th Cir. 1991) (noting that a mere difference of opinion between prison medical officials and an inmate as to the latter's diagnosis or course of treatment does not support a claim of cruel and unusual punishment).

## CONCLUSION

Plaintiff's Complaint, when read in a light most favorable to him, fails to state a claim for relief under 42 U.S.C.A. § 1983 and 28 U.S.C.A. § 1915. Accordingly, it is my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED** pursuant to 28 U.S.C.A. §§ 1915 (e)(2)(B)(ii) and 1915A(b).

So **REPORTED** and **RECOMMENDED**, this 25th day of October, 2005.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)